## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | **1:21-CR-00119-CJN** |
| ) | |
| **v.** ) | |
| ) | |
| **GARRET MILLER,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO REVOKE MAGISTRATE JUDGE'S DETENTION ORDER

Defendant Garret Miller replies briefly to the Government's Opposition to Motion to Revoke Magistrate Judge's Detention Order ("Opposition") in order to address three points.

### I

Initially, Mr. Miller concedes that *United States Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988) controls the failure of the Magistrate Judge to enter a written order of detention as required by 18 U.S.C. § 3142(i) in this case.

### II

Second, the government apparently acknowledges that it has no evidence that Mr. Miller has a history of violence and no evidence that he engaged in any acts of violence in connection with the charged offenses (unlike many other defendants who

have previously been released as detailed in his Motion to Revoke Magistrate Judge's Detention Order).

The government instead points to a video in which it characterizes Mr. Miller as getting "into a fighting stance with one of his legs in front of the other." *See* Opposition at 4. It is hard to address the government's characterization of Mr. Miller's "stance" since defense counsel has not been provided a copy of the video. Nevertheless, what is telling is that the government does *not* claim that Mr. Miller actually engaged in any fighting and acknowledging that he was eventually "pushed [] back" without incident. *Id*.

### III

Finally, and as noted in the Motion to Revoke, on or about February 23, 2021, Mr. Miller broke his collar bone while playing soccer in the recreation yard at a detention facility in Eden, Texas. Given defense counsel's inability to obtain substantial information regarding Mr. Miller's medical condition,[1] AUSA Kelley graciously agreed to attempt to get such information in connection with the hearing set for April 1, 2021. What she found is quite troubling.

As the government acknowledges in its Opposition, "Mr. Miller's collarbone is broken." *See* Opposition at 15. Moreover, the government explains that an

---

[1]*See, e.g.,* Attachment A.

2

orthopedist has now "recommended extensive medical services, including the possibility of surgery." Thus, it is clear that, despite Mr. Miller needing "extensive medical services," he was transported from Eden, Texas to Oklahoma City, Oklahoma, without having received the necessary medical care and without having been seen by an orthopedist. In fact, despite repeated requests from Mr. Miller and Undersigned Counsel, Mr. Miller did not see an orthopedist until on or about March 22, 2021. Meanwhile, five weeks after breaking his collar bone and needing "extensive medical services, including the possibility of surgery," still no determinations have been made regarding Mr. Miller's course of care, nor has surgery been scheduled. Also, despite being told by the orthopedist to keep ice on his shoulder, Mr. Miller reported to counsel that he has had not had access to ice in several days.

The government's suggested solution is for Mr. Miller to be kept in Oklahoma for an undetermined period of time until the Bureau of Prisons gets around to providing Mr. Miller the "extensive medical services, including the possibility of surgery," that he has needed for five weeks. *See* Response at 15-16. It also suggests that Mr. Miller trade his speedy trial rights for the ability to obtain the medical

services he has needed for over a month. *Id*.[2]  In fact, the better solution would be to release Mr. Miller so that he can get the medical care he needs and have access to counsel.[3]

In this regard, it should be made clear that Mr. Miller is not seeking sympathy for his acknowledged behavior (behavior for which he has accepted responsibility). Nevertheless, it is clear that he has not been afforded appropriate medical care, and that should certainly factor into the Court's resolution of Mr. Miller's Motion to Revoke Magistrate Judge's Detention Order.

---

[2]Counsel set forth Mr. Miller's apparent guideline ranges upon conviction in this case in the Motion to Revoke.  The highest is 10-16 months in Zone C of the Sentencing Guidelines.

[3]The need for medical care also reduces any theoretical risk of flight.

Respectfully submitted,


/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

LOCAL COUNSEL:
Camille Wagner
DC Bar No. 1695930
Wagner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812
law@myattorneywagner.com


Attorneys for Defendant
Garret Miller

## <u>CERTIFICATE OF SERVICE</u>

I, F. Clinton Broden, certify that, on March 31, 2021 I caused a copy of the

above document to be served by electronic means on:

Elizabeth C. Kelley
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20350

/s/ F. Clinton Broden
F. Clinton Broden