## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-00119-CJN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GARRET MILLER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Through a series of filings, the government is asking Defendant Garret Miller to choose among his right to adequate medical care, his right to a speedy trial, and his right to request discovery as provided for under Fed. R. Crim. P. 16(a). Mr. Miller should not be asked to choose which right he prefers to exercise. As such, and as indicated in the government's Motion to Continue and to Exclude Time under the Speedy Trial Act (the "Motion"), Mr. Miller opposes the government's Motion in the event his detention is continued.

First, the government's motion presupposes that Mr. Miller will request discovery under Fed. R. Crim. P. 16(a), but no such request has been made. As the government motion ably points out, there is no dispute that Mr. Miller entered the

Capitol Building on January 6, 2021,[1] therefore, most of the discovery identified in the government's Motion is unnecessary to the defense.  Moreover, as Mr. Miller pointed out in his Motion to Revoke Magistrate Judge's Detention Order, it is important to note the advisory sentencing ranges under the United States Sentencing Guidelines (assuming acceptance of responsibility) in the event that he is convicted of one or more of the various counts:

| | | |
|---|---|---|
| Count 1 | Level 8 | 0-6 months (Zone A)[2] |
| Count 2 | Level 8 | 0-6 months (Zone A)[3] |
| Count 3 | Level 12 | 10-16 months (Zone C) |
| Count 4 | Level 8 | 0-6 months (Zone A) |
| Count 5 | Level 10 or 12 | 6-12 months (Zone B) or 10-16 months (Zone C) |
| Count 6 | Level 12 | 10-16 months (Zone C) |
| Count 7 | No Guideline | 1 Year Maximum Sentence |
| Count 8 | Level 2 | 0-6 months (Zone A) |
| Count 9 | Level 2 | 0-6 months (Zone A) |
| Count 10 | No Guideline | Six Month Maximum Sentence |

[1] *See* Motion at 4-6.

[2] The most analogous Guideline is 2A2.4

[3] The most analogous Guideline is 2A2.4

2

Count 11          No Guideline          Six Month Maximum Sentence

Count 12          No Guideline          Six Month Maximum Sentence

In short, Mr. Miller has no desire to remain in detention while the government and the Federal Public Defender's Office coordinates discovery that is largely unneeded by the defense in *this* case.

Second, as the government notes in the Motion, Mr. Miller is charged individually. *See* Motion at 2. He was not part of any group such as the Oath Keepers or Proud Boys or alike. Therefore, even assuming Mr. Miller was to request Rule 16 discovery, the government should not be granted a two-month continuance in order to engage in a "discovery dump." Indeed, it matters not to Mr. Miller that:

> "a combined total of over 900 search warrants have been executed in almost all 50 states and the District of Columbia;" or

> 1,600 electronic devices were seized; or

> 210,00 tips were reported; or

> numerous social media accounts were obtained

99.9 percent of this is irrelevant to this individual case. Any Rule 16 discovery to Mr. Miller should be limited to what was seized from him and his social media accounts.[4]

---

[4]As noted above, there is no debate that Mr. Miller entered the Capitol Building on January 6, 2021, therefore, the body-worn camera footage would be unnecessary. In any event, the government's Motion indicates that it has already segregated such evidence. *See. e.g.* Motion at 4 ("[s]urveillance video from inside the Capitol shows [Mr. Miller] entering the building by pushing past officers who were trying to keep rioters from entering."); *id*. ("Body-worn camera

Anything else is completely irrelevant, and such a "document dump" would thwart rather than advance the goals of Rule 16 and should not be permitted.[5]

In sum, if Mr. Miller remains in detention with a broken shoulder, he has a strong incentive not to request Rule 16(a) discovery given the application of the Sentencing Guidelines in this case.  Moreover, even if Rule 16(a) discovery is requested, it should be limited in scope to the individual case of *United States v. Garret Miller*, and the government should not be granted a continuance in order to

---

video from the Metropolitan Police Department ('MPD') shows Miller inside the Rotunda at about 3:07 p.m.'_

[5]*See United States v. Bortnovsky*, 820 F.2d 572, 574  (2nd Cir. 1987) (reversing convictions where "Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents" would be relied upon by government at trial); *United States v. Anderson*, 416 F. Supp. 110 (D.D.C. 2006) (government must identify documents it intends to use in its case-in-chief because "[g]iven the enormous volume of material produced . . . and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the materials at issue . . . would materially impede defendant's counsel's ability to prepare an adequate defense."); *United States v. Hsia*, 24 F. Supp. 2d 14, 29-30 (D.D.C. 1998) ("the government cannot meet its Brady obligations by providing [the defendant] with access to 600,000 documents and then claiming that she should have been able to find the exculpatory information in the haystack"), *rev'd in part on other grounds*, 176 F.3d 517 (D.C. Cir. 1999); *United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989) ("many reasons grounded in fairness" why government must specify documents it will rely on at trial, rather than simply "identify several thousand pages, any of which it 'may' rely on at trial");  *United States v. Upton*, 856 F. Supp. 727, 746-47 (E.D.N.Y. 1994) (government must identify specific documents it will use at trial); *United States v. Locascio*, 2006 WL 2796320 at *7 (D.S.C. 2006) (defense should not be put to the expense of reviewing thousands of files while hoping to "stumble across" which ones government would use at trial, and "basic fairness, an opportunity for adequate preparation for trial, avoidance of surprise or unfair advantage, as well as the elimination of possible mid-trial recesses" required pretrial identification of government trial exhibits).

engage in a "discovery dump."[6]

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

LOCAL COUNSEL:
Camille Wagner
DC Bar No. 1695930
Wagner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812
law@myattorneywagner.com

Attorneys for Defendant
Garret Miller

---

[6]It should be noted that Mr. Miller proposed resolving this case pursuant to Fed. R. Crim. P. 20 in the Northern District of Texas, where he was arrested. Nevertheless, the government declined the invitation to engage in such discussions.

5

## **<u>CERTIFICATE OF SERVICE</u>**

I, F. Clinton Broden, certify that, on March 31, 2021 I caused a copy of the

above document to be served by electronic means on:

Elizabeth C. Kelley
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20350

<u>/s/ F. Clinton Broden</u>
F. Clinton Broden