## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | **1:21-CR-00119-CJN** |
| ) | |
| **v.** ) | |
| ) | |
| **GARRET MILLER,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————) | |

## SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO REVOKE MAGISTRATE JUDGE'S DETENTION ORDER

Defendant Garret Miller hereby supplements his Motion to Revoke Magistrate Judge's Detention Order in light of the opinion by the United States Court of Appeals for the District of Columbia in *United States v. Munchel*, 2021 WL 1149166 (D.C. Cir. March 26, 2021) (Attached hereto as Attachment A).

*Munchel* involves an appeal of two detention orders entered by Judge Lamberth based upon his conclusion that the defendants were a danger to the community. The majority in *Munchel* reversed the detention order and remanded the case for further consideration.[1] In reaching its decision in *Munchel,* the Court of Appeals cited many of the principles noted in Mr. Miller's initial Motion to Revoke Magistrate Judge's

---

[1] Judge Katsas agreed that the detention order should be reversed but he also believed that conditions of release should be entered upon remand.

Detention Order.  For example, it pointed out that " '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.' " *Munchel* 2021 WL1149196, *5, *citing*, *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).  It also pointed out that " '[t]he law requires reasonable assurance[,] but does not demand absolute certainty" that a defendant will comply with release conditions because a stricter regime "would be only a disguised way of compelling commitment in advance of judgment.' " *Id*. at *7, *citing*,  *United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969).  It concluded:

> It cannot be gainsaid that the violent breach of the Capitol on January 6 was a grave danger to our democracy, and that those who participated could rightly be subject to detention to safeguard the community. *Cf. Salerno*, 481 U.S. at 748, 107 S.Ct. 2095 ("[I]n times of war or insurrection, when society's interest is at its peak, the Government may detain individuals whom the government believes to be dangerous." (citations omitted)). But we have a grave constitutional obligation to ensure that the facts and circumstances of each case warrant this exceptional treatment.

*Id*. at *8.

Munchel breached the Capitol with his mother, Lisa Eisenhart.  *Munchel* 2021 WL1149196, *1.  While Mr. Miller did not bring any weapons inside the Capitol, Munchel brought a taser which is considered a "dangerous weapon."  *Id*. *1, *6. Moreover, upon entering the Capitol, both Munchel and Eisenhart helped themselves

to zip ties. *Id.* at *2. Once inside the Capitol, unlike Mr. Miller, who remained in the Rotunda upon entry, Miller and Eisenhart "eventually made their way to the Senate gallery, both still carrying the zip ties, and Munchel still carrying his taser." *Id.*

In reversing Judge Lamberth's detention order, the Court of Appeals noted that, on remand, the District Court must consider the facts that: "Munchel and Eisenhart assaulted no one on January 6; that they did not enter the Capitol by force; and that they vandalized no property…." *Id.* at *8.

> In our view, those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way.

*Id.*[2]

---

[2] As noted by Judge Katsas:

In this case, the magistrate judge imposed strict release conditions. For Munchel, he required confinement at the home of a third-party custodian, GPS location monitoring, supervision by Pretrial Services, no possession of firearms, no travel to D.C., no excessive use of alcohol, no possession or use of any controlled substance, and drug testing if ordered by Pretrial Services. Munchel Mag. Tr. at 185–89. For Eisenhart he required home confinement, location monitoring, supervision by a third-party custodian, no possession of firearms, no travel to D.C., and submission to psychiatric treatment if ordered by Pretrial Services. Eisenhart Mag. Tr. at 164–66. The district court gave no plausible explanation for why these stringent conditions would not reasonably ensure public safety.

Respectfully submitted,


/s/ F. Clinton Broden
F. Clinton Broden

TX Bar No. 24001495

Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

LOCAL COUNSEL:
Camille Wagner
DC Bar No. 1695930
Wagner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812
law@myattorneywagner.com

Attorneys for Defendant
Garret Miller

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that, on March 31, 2021 I caused a copy of the

above document to be served by electronic means on:

Elizabeth C. Kelley

United States Attorney's Office

555 4th Street, N.W.

Washington, DC 20350

/s/ F. Clinton Broden
F. Clinton Broden