**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-00119-CJN** |
| | ) | |
| **v.** | ) | |
| | ) | **[Oral Argument Requested]** |
| **GARRET MILLER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MOTION TO DISMISS COUNT THREE OF THE SUPERSEDING**
**INDICTMENT FOR FAILURE TO STATE AN OFFENSE AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES............................................................................3

I. INTRODUCTION......................................................................................5

II. DISCUSSION............................................................................................6

    A.  Standard of Review..........................................................................6

    B.  Count Three Fails to State an Offense.............................................6

        1.  As with All Penal Statutes, § 1512 Must Be Strictly Construed..........7

        2.  An "Official Proceeding" Under § 1512(c) is Judicial or Quasi-Judicial in Nature.........................................................................8

        3.  Other Tools of Statutory Interpretation Support Mr. Miller's Motion to Dismiss.........................................................................11

        4.  Department of Justice's Own Interpretation of § 1512(c) Supports Mr. Miller's Motion to Dismiss................................................14

        5.  Congress Has Used Other Terms to Describe Interference with the Electoral College Certification.................................................15

III. CONCLUSION........................................................................................16

CERTIFICATE OF SERVICE.......................................................................18

## TABLE OF AUTHORITIES

**Page**

*Am. Fed'n of Gov't Emps., AFL–CIO, Local 3669 v. Shinseki*, 709 F.3d 29 (D.C. Cir. 2013)..................................................................................................................7

*Caminetti v. United States*, 242 U.S. 470 (1917)............................................................7

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)............................13

*I.N.S. v. Nat'l Ctr. for Immigrants' Rts., Inc.*, 502 U.S. 183 (1991)............................10

*\*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (11th Cir. 2000).....................10

*Morgan County v. Allen*, 103 U.S. 498 (1880)...............................................................16

*United States v. Arthur Andersen, LLP*, 544 U.S. 696 (2005)................................8, 11

*\*United States v. Binette*, 828 F. Supp. 2d 402 (D. Mass. 2011).................................10

*United States v. Burge*, 711 F.3d 803 (7th Cir.), *cert. denied*, 571 U.S. 888 (2013)....11

*United States v. Cook*, 594 F.3d 883 (D.C. Cir.), *cert. denied*, 560 U.S. 947 (2010)....7

*\*United States v. Dunn*, 434 F. Supp. 2d 1203 (M.D. Ga. 2006).................................10

*\*United States v. Ermoian*, 752 F.3d 1165 (9th Cir. 2013)..............................5, 8, 9, 10

*United States v. Hite*, 769 F.3d 1154 (D.C. Cir. 2014)...................................................7

*United States v. Lanier*, 520 U.S. 259 (1997).................................................................7

*United States v. Ramos*, 537 F.3d 439 (5th Cir. 2008)...................................................9

*United States v. Ring*, 628 F. Supp. 2d 195 (D.D.C. 2009)............................................6

*United States v. Sampson*, 371 U.S. 75 (1962)................................................................6

*United States v. Sampson*, 898 F.3d 287 (2nd Cir. 2018)..............................................11

*United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007)........................................6

## **OTHER AUTHORITIES**

18 U.S.C. § 231(a)(3)........................................................................................................15

18 U.S.C. § 232(3)............................................................................................................15

18 U.S.C. § 1507..............................................................................................................12

18 U.S.C. § 1510..............................................................................................................12

18 U.S.C. § 1512.......................................................................................................*in passim*

18 U.S.C. § 1512(c)...................................................................................................*in passim*

18 U.S.C. § 1512(c)(2).......................................................................................................6

18 U.S.C. § 1515...................................................................................................8, 9, 11

18 U.S.C. § 1519..............................................................................................................12

40 U.S.C. § 5104..............................................................................................................15

40 U.S.C. § 5104(e)(2)(c)................................................................................................15

Criminal Resource Manual, CRM 1729, Department of Justice...................................15

Fed. R. Crim. P. 12(b)(3)(B)............................................................................................6

Sarbanes–Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745..............................12

Defendant Garret Miller hereby moves to dismiss Count Three of the Superseding Indictment and, in support of the motion, sets forth the following facts and argument.

## I. Introduction

Count Three of the Superseding Indictment charges Mr. Miller as follows:

> On or about January 6, 2021, within the District of Columbia and elsewhere, Garret Miller, attempted to, and did, corruptly obstruct, influence, and impede and official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18

Section 1512(c) falls under Chapter 73 of Title 18, which deals with "Obstruction of Justice." *See generally* 18 U.S.C. §§ 1501–1521.  As the Ninth Circuit has carefully considered and recognized, based on the plain language of the statute, an offense under Section 1512(c) does not prohibit the obstruction of every governmental function; it only prohibits the obstruction of proceedings such as a hearing that takes place before a tribunal.  *See United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013).  Stated differently, Section 1512(c), by its plain language, does not criminalize the obstruction of legislative action by Congress.  Any alleged obstruction of the certification of an Electoral College vote is simply outside of the

reach of Section 1512(c).

## II. Discussion

### A. Standard of Review

A defendant may move to dismiss an indictment on the grounds that it fails to state an offense.  Fed. R. Crim. P. 12(b)(3)(B).  In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962).  Accordingly, "the Court cannot consider facts beyond the four corners of the indictment."  *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009) (internal quotations omitted).

### B. Count Three Fails to State an Offense

As noted above, Count Three of the Superseding Indictment charges that  Mr. Miller obstructed an "official proceeding," in violation of 18 U.S.C. § 1512(c)(2) and it identifies that "proceeding" as "Congress's certification of the Electoral College vote."  Nevertheless, as set forth below, the Electoral College certification before Congress does not constitute an "official proceeding" under 18 U.S.C. § 1512(c)(2).

## 1. As with All Penal Statutes, § 1512 Must Be Strictly Construed.[1]

To determine legislative intent, courts "always, [ ] begin with the text of the statute." *Am. Fed'n of Gov't Emps., AFL–CIO, Local 3669 v. Shinseki*, 709 F.3d 29, 33 (D.C.Cir. 2013). "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain...the sole function of the courts is to enforce it according to its terms." *United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014) (*quoting Caminetti v. United States*, 242 U.S. 470, 485 (1917) (internal quotes omitted)). "The search for the meaning of the statute must also include an examination of the statute's context and history." *Hite*, 769 F.3d at 1160.

"[D]ue process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 268 (1997).

Specifically in relation to § 1512, the Supreme Court has instructed lower courts to "exercise[] restraint in assessing the reach of [the]...statute both out of deference to ...Congress...and out of concern that a fair warning should be given to

---

[1] Any "ambiguity" as to the meaning of terms in a statute must be construed against the Government and in favor of a defendant under the rule of lenity. *See, e.g., United States v. Cook*, 594 F.3d 883, 890 (D.C. Cir.)*, cert. denied,* 560 U.S. 947 (2010).

the world in language that the common world will understand, of what the law intends to do if a certain line is passed[.]"  *United States v. Arthur Andersen, LLP*, 544 U.S. 696, 703 (2005) (internal citations omitted).

### 2. An "Official Proceeding" Under § 1512(c) is Judicial or Quasi-Judicial in Nature.

A review of the text, history, and judicial interpretation of § 1512, especially in light of the Supreme Court's long-standing guidance to strictly construe penal statutes, demonstrates that this statute, which punishes obstruction of "official proceedings," does *not* apply to the Electoral College certification.

*Ermoian* was one of the first appellate decisions to consider the meaning of "official proceeding" as that term is used in Section 1512(c) and defined in Section 1515.  *See Ermoian*, 752 F.3d at 1168 ("Our circuit has never before addressed the meaning of the term 'official proceeding' as used in the obstruction of justice statute at 18 U.S.C. § 1512.").   Although that case considered whether a criminal investigation by the FBI was considered an "official proceeding" for purposes of the statute, the Court noted, "[a]s used in the statute, the definition of the phrase 'official proceeding' depends heavily on the meaning of the word 'proceeding'" and further noted, "[t]hat word is used — somewhat circularly — in each of the definitions for an 'official proceeding' and is key to the phrase's meaning."  *Id.* at 1169.

8

Reviewing the plain language of Section 1515, the *Ermoian* Court explained that "[s]everal aspects of the definition for 'official proceeding' suggest that the legal — rather than the lay — understanding of the term 'proceeding' is implicated in the statute." *Id.* at 1170. As the Court pointed out, "the descriptor 'official' indicates a sense of formality normally associated with legal proceedings," and not "a mere 'action or series of actions.'" *Id.* (*citing* "Proceeding," Oxford English Dictionary). Moreover, the Court pointed to the fact that "the word 'proceeding' is surrounded with other words that contemplate a legal usage of the term, including 'judge or court,' 'Federal grand jury,' 'Congress,' and 'Federal Government agency.'" *Id.*

The Ninth Circuit then turned to the broader statutory context, looking at Section 1515 as a whole, noting that "[t]he use of the preposition 'before' suggests an appearance in front of the agency *sitting as a tribunal*." *Id.* at 1171 (emphasis added). The Court further looked to another circuit's interpretation of the phrase "official proceeding" and noted, "[a]s the Fifth Circuit explained when addressing this same definition, 'use[ of] the preposition 'before' in connection with the term 'Federal Government agency' ... implies that an 'official proceeding' involves some formal convocation of the agency in which parties are directed to appear." *Id.* (*quoting United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008)). Additionally, the Ninth Circuit pointed out, "The use of the terms 'attendance',

9

'testimony', 'production', and 'summon[]' when describing an official proceeding strongly implies that some formal hearing before a tribunal is contemplated." *Id.* at 1172. In conclusion, the *Ermoian* Court considered "the plain meaning of the term 'proceeding,' its use in the grammatical context of the 'official proceeding' definition, and the broader statutory context" to hold that a criminal investigation is not an "official proceeding" under Section 1512(c). *Id.*[2]

This interpretation, reasoning, and logic applies equally here. Looking at Section 1512 as a whole, it is obvious that the statute solely prohibits conduct at hearings that affect the administration of justice. *See* 18 U.S.C. § 1512.[3] The statute repeatedly references "proceedings" in the context of investigations and legal proceedings related to a criminal investigation. *Id.* Even the title of the offense relates to "Tampering with a witness, victim, or an informant." *Id.*[4] There is little

---

[2]*See also United States v. Binette*, 828 F. Supp. 2d 402, 403-404 (D. Mass. 2011) (Finding that a "preliminary" SEC investigation did not constitute an "official proceeding" under § 1512 as compelled attendance, sworn testimony, and subpoena powers had not taken effect).

[3]*See McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000) ("Section 1512... applies to attempts to *prevent or influence testimony* not only in federal courts but also *before Congress*, federal agencies, and insurance regulators." (emphasis added)); *United States v. Dunn*, 434 F. Supp. 2d 1203, 1207 (M.D. Ga. 2006) ("...§ 1515(a)(1),,,describe(s) events that are best thought of as hearings (or something akin to hearings): for example, federal court cases, grand jury testimony, *Congressional testimony*, and insurance regulatory hearings" (emphasis added).

[4] *See I.N.S. v. Nat'l Ctr. for Immigrants' Rts., Inc.*, 502 U.S. 183, 189 (1991) ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text.").

doubt, based on the language of the statute, that the "official proceeding" — and more specifically, the "proceeding before Congress" — that was allegedly obstructed by Mr. Miller must relate to a Congressional hearing affecting the administration of justice.

This is consistent with the case law that has clarified the meaning of the statutory language at issue here. *See e.g. Arthur Andersen LLP*, 544 U.S. at 708 (Interpreting Section 1512(c) as requiring that the defendant have "knowledge that his actions are likely to affect [a] *judicial proceeding*" in order to have the "requisite intent to obstruct"); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir.) (Considering application of Section 1512 and noting "[o]bstruction of justice occurs when a defendant acts to impede the types of proceedings that take place *before judges or grand juries*"), *cert. denied*, 571 U.S. 888 (2013); *United States v. Sampson*, 898 F.3d 287, 300 (2nd Cir. 2018) (Noting Section 1512 "broadly criminalizes various forms of witness tampering").

### 3. Other Tools of Statutory Interpretation Support Mr Miller's Motion to Dismiss.

Sections 1512 and 1515 are contained in Chapter 73 of Title 18 of the United States Code.  Examining the surrounding statutory provisions in Chapter 73 further

11

support Mr. Miller's interpretation of the statute at issue.[5]  Each one of the statutes contained in Chapter 73 proscribe obstructive conduct for very specific subjects and settings related to the administration of justice.  For instance, Section 1510 deals with obstruction of criminal investigations.  Sections 1516 through 1518 criminalizes obstruction of specific types of other investigations.  *See* 18 U.S.C. §§ 1516 (Obstruction of a federal audit); 1517 (Obstruction of examination of financial institution); 1518 (Obstruction of investigations of health care offenses). Section 1519 prohibits the destruction, alteration, or falsification of records during a federal investigation.

Other provisions in Chapter 73 also explicitly relate to the administration of justice.  *See* 18 U.S.C. §§ 1503, 1504 (Influencing or injuring a juror); 1513 (Retaliating against a witness, victim, or informant); 1521 (Retaliating against a federal judge or law enforcement officer by false claim or slander of title).  There is even a statute to prohibit "picketing or parading" near the residence of a judge, juror, witness, or court officer "with the intent of interfering with, obstruction, or impeding *the administration of justice*." 18 U.S.C. § 1507 (emphasis added).  As all these laws

[5] *See NASDAQ Stock Mkt., LLC v. Sec. & Exch. Comm'n*, 961 F.3d 421, 426 (D.C. Cir. 2020) (quoting *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 321 (2014)) ("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[,] because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

are related to the obstruction of the administration of justice and serve to protect participants in the administration of justice, it follows that, in order to violate Section 1512(c), there must be some allegation that the "official proceeding" allegedly obstructed, in fact, related to the administration of justice.

Although not required due to the plain meaning of the statute, this Court can also take comfort by looking at the legislative intent behind Section 1512(c) to know what was meant by "official proceeding" as used in that statute.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms.").  Section 1512(c) was passed as part of the Sarbanes-Oxley Act of 2002, "An Act to protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to securities laws, and for other purposes." Sarbanes–Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745.   The Senate Judiciary Committee report described the Act's purpose as "provid[ing] for criminal prosecution and enhanced penalties of persons who defraud investors in publicly traded securities or alter or destroy evidence in *certain Federal investigations*." S. REP. NO. 107-146, at 2 (2002) (emphasis added).   As for the use of the term "official proceeding" in Section 1512(c), because the legislation was due in part to the collapse of Enron, the

Committee Report noted that much of Enron's document destruction was "undertaken in anticipation of a SEC subpoena to Andersen for its auditing and consulting work related to Enron." *Id.* at 4. Congress was adamant that "[w]hen a person destroys evidence with the intent of obstructing any type of investigation and the matter is within the jurisdiction of a federal agency, overly technical legal distinctions should neither hinder nor prevent prosecution and punishment." *Id.* at 6–7. In short, when considering the Act's preamble and the legislative history, it is clear that Section 1512(c) was aimed at preventing corporations from destroying records relevant to a federal hearing related to the administration of justice and was not intended to apply in all circumstances where any government function may have been impeded.

### 4. Department of Justice's Own Interpretation of § 1512(c) Supports Mr. Miller's Motion to Dismiss.

Mr. Miller's interpretation of Section 1512(c) is even consistent with the Department of Justice's own interpretation as reflected in their Criminal Resource Manual discussing the application of Section 1512:

> Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. *It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers.*

Criminal Resource Manual, CRM 1729, Department of Justice  (emphasis added)[6]

### 5. Congress Has Used Other Terms to Describe Interference with the Electoral College Certification.

Mr. Miller submits that the government incorrectly conflated an "official proceeding" under § 1512 with a "federally protected function" under 18 U.S.C. § 231(a)(3) or the "official business" of Congress under 40 U.S.C. § 5104(e)(2)(c).  In Counts One and Two of the Superseding Indictment, for example, the government charged Mr. Miller with Civil Disorder under 18 U.S.C. § 231(a)(3), alleging that his actions "affected the conduct and performance of a *federally protected function*."[7] Similarly, in Counts Ten and Eleven, the government charged Mr. Miller with violating 40 U.S.C. § 5104, which prohibits entering "any of the Capitol Building[s]" intending "to disrupt the orderly conduct of *official business*[.]" 40 U.S.C. § 5104(e)(2)(c) (emphasis added).

---

[6]Found at:
https://www.justice.gov/archives/jm/criminal-resource-manual-1729-protection-government-processes-tampering-victims-witnesses-or

[7]The term "federally protected function" is defined as:

[A]ny function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails.

18 U.S.C. § 232(3).

### III. CONCLUSION

Based upon the foregoing, it appears that, in its haste to prosecute the Capitol protestors with every conceivable violation and to proverbially "throw the book" at them, the government has taken liberties with the application of 18 U.S.C. § 1512(c). Indeed, no court has ever interpreted an "official proceeding," as that term is used in Section 1512(c), so broadly as to encompass an event such as the certification of the Electoral College vote. The government is asking this Court to go well beyond the plain meaning of the term "proceeding," its use in the grammatical context of the "official proceeding" definition, the broader statutory context, and the legislative history.

While the Electoral College certification was arguably a "federally protected function," and definitely "official business" of Congress, it clearly was not an evidence-gathering, formal, judicial, or quasi-judicial event which is the purpose behind the enactment of 18 U.S.C. § 1512(c).

The government has attempted to stretch 18 U.S.C. § 1512(c) beyond its plain meaning and beyond the intent of Congress when it enacted it.  Nevertheless, "hard cases cannot be permitted to make bad law."[8]  Count Three as charged in the Superseding Indictment fails to state an offense and should be dismissed.

---

[8]*Morgan County v. Allen,* 103 U.S. 498 (1880)

16

Respectfully submitted,


/s/ F. Clinton Broden
F. Clinton Broden

Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant
Garret Miller

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that, on June 28, 2021 I caused a copy of the above

document to be served by electronic means on:

Elizabeth C. Kelley
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20350

/s/ F. Clinton Broden
F. Clinton Broden

18