## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | **1:21-CR-00119-CJN** |
| ) | |
| **v.** ) | |
| ) | |
| **GARRET MILLER,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS COUNT THREE OF THE SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE

Defendant Garrett Miller files a brief reply to the Government's Opposition to his Motion to Dismiss Count Three of the Superseding Indictment for Failure to State an Offense.

### I

The government, in its Response, does the very thing the court in *United States v. Ermoian*, 753 F.3d 1165 (9th Cir. 2013) cautioned against and relies upon a lay understanding, rather than a legal understanding, of the term "proceeding" as defined in 18 U.S.C. § 1515 and as used in 18 U.S.C. § 1512. Indeed, under the government's lay interpretation of what constitutes an "official proceeding," the government could use Section 1512 to absurd ends to prosecute, as examples, any effort to corruptly

obstruct action taken by the Congressional Award Board to give out an award, *see* 2 U.S.C. § 801, *et al.*, or a request for a report from the Congressional Budget Office for changing revenue conditions related to some legislation. *See* 2 U.S.C. § 602.

Mr. Miller does not dispute the "formality" of the election certification proceedings or that it is a "solemn" occasion. Nevertheless, the solemnity of an event does not necessarily equate with a "proceeding" related to the administration of justice. A proceeding related to the administration of justice involves legal and congressional investigations and, often times, determinations of whether certain conduct violated the law. They can often result in evidence being gathered that might affect a person's life and liberty being taken away from them by subjecting them to a criminal indictment, a conviction, and, most important, imprisonment. Section 1512 was designed to protect against compromising *those* types of proceedings.

As proof of the distinction, Congress did not, as it did in 40 U.S.C. § 5104, proscribe the conduct and make it only punishable by imprisonment of up to six years, *see* 40 U.S.C. § 5109; it made it where a person would be subject to imprisonment for up to twenty years. *See* 18 U.S.C. 1512(c). In other words, while Congress intended to prohibit conduct obstructing its business within the Capitol (which it plainly did in 40 U.S.C. § 5104), recognizing the impact of its judicial type business when that business could result in a person being deprived of their life and liberty, it chose to attach a much greater possible penalty to the corrupt obstruction

of those proceedings in Section 1512. *Id*.

This distinction, combined with (a) the plain meaning of the term "proceeding," (b) its use in the grammatical context of the "official proceeding" definition found in Section 1515, (c) the broader statutory context, (d) the legislative history, and even (e) the Department of Justice's own manual, all point to Section 1512's clear and intended purpose; to prohibit the corrupt obstruction of proceedings related to the administration of justice. That the superseding indictment in this case does not allege that Mr. Miller obstructed such a proceeding, combined with the fact that the government cannot prove the same, requires that this Court dismiss Count Three of the Superseding Indictment.

## II

The government's response incorrectly states that Mr. Miller is attempting to convince this Court "without authority" that the indictment must allege that the proceedings obstructed relate to the administration of justice. To the contrary, Mr. Miller has pointed to several authorities to support that this is an essential element of the offense:

- Case law from other circuits that have interpreted the meaning of "official proceeding" as that term is defined in Section 1515, and used in Section 1512(c)(2), requiring that the proceeding obstructed relate to the administration of justice. *See United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013); *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008).

- Case law that has considered 18 U.S.C. § 1512 in various contexts related solely to the administration of justice. *See e.g. Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013); *United States v. Sampson*, 898 F.3d 287, 300 (2d Cir. 2018); *United States v. Young*, 916 F.3d 368, 386 (4th Cir.), *cert. denied*, 140 S. Ct. 113 (2019).

- The Department of Justice's own interpretation of Section 1512 reflected in their Criminal Resource Manual. *See* Criminal Resource Manual, CRM 1729, Department of Justice. (Section 1512 "proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers.").

- Consideration of other surrounding statutory provisions in Chapter 73. *See NASDAQ Stock Mkt., LLC v. Sec. & Exch. Comm'n*, 961 F.3d 421, 426 (D.C. Cir. 2020) (*quoting Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 321, 134 S. Ct. 2427, 189 L. Ed. 2d 372 (2014)) ("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[,] because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.").

- The legislative history for the statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568, 125 S. Ct. 2611, 2626, 162 L. Ed. 2d 502 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."); SARBANES–OXLEY ACT OF 2002, Pub. L. No. 107-204, 116 Stat. 745; S. REP. NO. 107-146, at 2 (2002).

Everything about the prosecution of Mr. Miller for violating Section 1512(c)(2) as alleged in Count 3 flies in the face of all this.[1]

---

[1] Even if the Court "harbored any doubt about this — that is, [it] were [] unable to find 'an unambiguous intent on the part of Congress'" from all these authorities, the Court should "turn to the rule of lenity to resolve the dispute." *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (quoting *United States v. West*, 393 F.3d 1302, 1311 (D.C. Cir. 2005)); *see also Moskal v. United States*, 498 U.S. 103, 108 (1990) ("[W]e have always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even

On the other hand, what does *not* exist is any authority or precedent for what the government is attempting to do here. Indeed, no federal prosecutor has ever attempted to bring a prosecution against an individual under Section 1512(c)(2) for corruptly obstruction a legislative proceeding without witnesses. Of course, protests within the Capitol are not something new. While the events of January 6, 2021 were, in many ways, unprecedented, the nature of those events do not justify the government's unprecedented attempts to prosecute Mr. Miller for conduct which the statute was not intended to reach.

                                          Respectfully submitted,

                                          /s/ F. Clinton Broden
                                          F. Clinton Broden
                                          TX Bar No. 24001495
                                          Broden & Mickelsen
                                          2600 State Street
                                          Dallas, Texas 75204
                                          214-720-9552
                                          214-720-9594 (facsimile)
                                          clint@texascrimlaw.com

                                          Attorney for Defendant
                                          Garret Miller

---

after resort to 'the language and structure, legislative history, and motivating policies' of the statute."). The rule is "rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100, 112 (1979) (citations omitted).

## **CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that, on July 16, 2021 I caused a copy of the above document to be served by electronic means on:

Elizabeth C. Kelley
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20350

/s/ F. Clinton Broden
F. Clinton Broden