UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-CR-119 |
| | : | |
| **GARRET MILLER,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' UNOPPOSED MOTION TO EXCLUDE
### TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court to exclude time between November 10, 2021 and November 22, 2021, the date of the next hearing, under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The defense does not oppose this motion.  In support of its motion the government states as follows:

1. In a September 13, 2021 Minute Order the Court "ORDERED that the time between September 16, 2021 and November 10, 2021 is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D)."  September 16, 2021 was the original date for a hearing on two pending defense motions that were filed on June 24 and June 28, respectively.  (ECF No. 32, 34).  The hearing was continued from September 16 to November 10, 2021.

2. In the meantime, on October 26, 2021, the defense filed a Motion to Reopen Detention Hearing.  (ECF. No. 55) The Court scheduled a hearing on that motion for November 12, 2021.  See 10/27/2021 Minute Order.   By email, the government asked the Court whether it intended to schedule two hearings in the same week—one on November 10 and one on November 12.  Defense counsel responded that he "was trying to determine whether I need to request a continuance of the November 10 date" due to a conflict and asked if both hearings could be consolidated into one hearing on November 12.  Given the jail's schedule, the Court re-scheduled

the November 10 and November 12 hearings for November 22, 2021.

3. The government requests that the record reflect that the time between November 10, 2021 and November 22, 2021 is excluded from calculations under the Speedy Trial Act by operation of law. That is, the time is automatically tolled since three defense motions remain pending and no hearing has occurred, *see id.* § 3161(h)(1)(D). Pursuant to subsection (h)(1)(D), "[d]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is by operation of law automatically excluded. As the Supreme Court has recognized, "[s]ubparagraph D does not subject all pretrial motion-related delay to automatic exclusion," but "it renders automatically excludable . . . the delay that occurs 'from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of' the motion." *Bloate v. United States*, 559 U.S. 196, 206 (2010) (emphasis in original). The Court further found that "the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, only from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings." *Id*. (emphasis in original); *see also United States v. Tinklenberg*, 563 U.S. 647, 655 (2011) (holding "when read in context and in light of the statute's structure and purpose, we think it clear that Congress intended subparagraph (D) to apply automatically").

4. The Court must also continue to exclude time until November 22, 2021 because the ends of justice are served by granting such a continuance, *see id.* § 3161(h)(7)(A), (B)(i), (ii), and (iv). In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based

2

on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  To avoid exposition, the government will refer to its Memorandum Regarding Status of Discovery as of October 21, 2021 [hereinafter Gov. Memo] (ECF No. 52).   In short, the government has provided and continues to provide voluminous discovery.   So far, we have provided 16,925 U.S. Capitol Police closed circuit video files; 1,676 Metropolitan Police Department body worn camera files; MPD and USCP radio transmissions, among other materials.   That said, there is additional discovery that we expect to produce in the future including the remainder of the video files, additional MPD internal investigation reports, and more.   See Gov. Memo at 5.

5. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.[1]   Here, while the

---

[1] *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011)

government has provided the defendant with considerable discovery, it continues to identify additional materials that may be relevant to this case. The complexity of this case as it relates to hundreds of other cases cannot be overstated. The ends of justice are served by granting this request for a continuance, which outweighs the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government requests a clarification of the record that time under the Speedy Trial Act is automatically excluded from November 10 to November 22, 2021. The government also respectfully requests that this Court exclude time on the basis that the ends of justice are served by taking such action.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/
Elizabeth C. Kelley
Assistant United States Attorney
DC Bar No. 1005031
555 Fourth Street, N.W.
Washington, DC   20530
Elizabeth.Kelley@usdoj.gov
(202) 252-7238

---

(upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").