UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GARRET MILLER,

*Defendant*.

Criminal Action No. 1:21-cr-00119 (CJN)

# ORDER

Garret Miller moves to reopen his detention hearing under 18 U.S.C. § 3145(f). ECF No. 54. The Court will deny that motion.

Section 3145(f) allows for a detention hearing to be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3145(f). To meet this burden, Miller points to a document—which the government characterizes as a "Duty to Warn" document— from the Federal Bureau of Investigation to ▮▮▮▮▮▮ of the United States Capitol Police. *See* Exhibit A ("Duty to Warn Doc."), ECF No. 54-1. In the Duty to Warn Document, which was produced to Miller during discovery in this matter, the FBI discussed a threat Miller made regarding Senator Charles Schumer on Facebook. *See id.* As Miller points out, the document states that the FBI's "[i]nvestigation [of Miller] to date has not provided a sufficient basis to determine that the subject is an imminent threat to Schumer, other members of Congress or the community." *Id.*

The Court previously held a detention hearing for Miller on April 1, 2021. *See* Minute Order of April 1, 2021. Miller was ordered detained pending trial, the Court finding that he

1

remained a danger to the community. But at the April 1 hearing, the Court did not have before it the FBI's comments regarding Miller's perceived dangerousness. No one argues that this piece of evidence was known to Miller at that time. The first prong of § 3145(f) is thus met.

But the mere existence of new information is not enough for the Court to reopen Miller's detention hearing. That information must have "a material bearing on whether there are conditions of release that will reasonably assure . . . the safety of . . . the community." 18 U.S.C. § 3145(f). And here it does not.

True, the Duty to Warn Document does explain that the FBI did not view Miller as "an imminent threat to Schumer, other members of Congress *or the community*." Duty to Warn Doc. at *1 (emphasis added). But the "or the community" language must be read in context. The FBI was assessing a specific Facebook post by Miller—reading "Hey we are coming for you chick . . . . Chuck . . . . We got you! . . . . I celebrate it with family, without mask, and with a loaded gun in my pocket. Just in case you show up. God bless America globalist coward . . . . Soon, very soon. Pig!" *Id.* (punctuation in original). That the FBI did not think this message made him an imminent threat to Senator Schumer, other members of Congress, or the community does not have a material bearing on this Court's previous ruling. The Court's April detention determination was based on the totality of Miller's conduct, including that he showed a disregard for violence occurring around the Capitol, failed to follow police orders, resisted officers, made threats against Congresswoman Ocasio-Cortez, and had specifically formulated and articulated plans to track and potentially kill a U.S. Capitol police officer, in addition to his lack of remorse upon arrest. *See* April 1, 2021 Trans. at 20:7–22. That Miller made *another* threat concerning a prominent politician, even if one that the FBI did not, in isolation, take as imminent, does not materially impact Court's previous analysis. If anything, it illustrates the concerns animating the Court's prior Order. And as the

government points out, because Miller was under FBI surveillance at that time, it was reasonable to conclude he was not an imminent threat when the document was written.

*     *     *

This Court previously found that Miller was a sufficient danger to the community that pretrial detention was necessary. The document on which Miller now relies does little to upset that determination. It has no material bearing on this Court's previous analysis—which was based on a much broader consideration of factors than a single Facebook threat to Senator Schumer.

Accordingly, it is

**ORDERED** that Defendant's Motion to Reopen Detention Hearing, ECF No. 54, is **DENIED**.

Further, in light of Defendant's Motion to Determine Whether to Seal Defendant's Motion to Reopen Detention Hearing, ECF No. 55, the Parties are **ORDERED** to meet and confer as to what portions of this Order can be redacted, and to present the Court with proposed redactions no later than December 10, 2021.

DATE:  December 3, 2021

_____
CARL J. NICHOLS
United States District Judge