**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | **1:21-CR-00119-CJN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GARRET MILLER,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

As explained in Garret Miller's Motion to Reopen Detention Hearing, if one assumes for the point of discussion that a panel decision on the government's appeal in this case was to occur in March, it is likely that a trial in this case would take place no earlier than June 2023- after Mr. Miller had been held in pretrial detention for approximately **29 months**. Of course, this presupposes that the Court believes it has jurisdiction to proceed to trial while a Petition for Rehearing *En Banc* and a Petition for *Writ of Certiorari* were pending.

**I**

The government's response is, essentially, 'too bad, so sad!.' To justify this response, it cites to one sentence in the Fifth Circuit opinion of *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) that "current or potential future detention" should

be ignored when determining if a court can set conditions or a combination of conditions that will *reasonably assure* the safety of the community and a defendant's appearance as required. Nevertheless, the government fails to mention, let alone discuss, the more in depth discussion in *Hare* as well as the Fifth Circuit's resolution of that case.

> Like other circuits, we find that the due-process limit on the duration of preventive detention requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement. In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.
>
> *In rejecting Hare's due-process challenge, the magistrate failed to consider several of these factors, most importantly the length of Hare's detention, which was more than four months at the time of the ruling and is now more than ten months*. We therefore remand for a hearing on whether Hare's continued detention violates due process.

*Id*. at 801 (emphasis added) (footnotes omitted).

Indeed, contrary to the government's suggestion to the contrary, a defendant who is initially detained can petition "for release at a subsequent time on due process grounds." *United States v. Accetturo,* 783 F.2d 382, 388 (3d Cir. 1986). At "some

point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142." *Id.* The Supreme Court has specifically declined to "intimate a view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal." *United States v. Saierno,* 481 U.S. 739, 747 n.4 (1987). In light of that, "[s]everal Circuits have recognized that the length of pretrial detention raises a constitutional issue at some point, that requires assessment on a case-by-case basis." *United States v. Gefuiso,* 838 F.2d 358, 359 (9th Cir. 1988).[1]

For example, in *Claudio*, the United States Court of Appeal for the Second Circuit vacated a detention order finding that fourteen months of pretrial detention violated due process. In doing so it explained that, while "the due process limit on the duration of preventive detention requires assessment on a case-by-case basis," one of the key factors for consideration is "the extent to which the prosecution bears responsibility for the delay." *Id*. at 340 (2d Cir.1986). As also noted by another court which wrote at length about this issue in a case also involving an interlocutory appeal

[1] *See also, United States v. Claudio*, 806 F.2d 334, 339 (2d 1986 ("Other circuits have recognized that the length of pretrial detention raises a constitutional issue at some point, *United States v. Portes*, 786 F.2d 758, 768 (7th Cir.1986); *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir.1986)).

by the government: "where the expected pretrial detention is very long, more than two years" courts have upheld the defendant's detention *only* if the government did not bear responsibility for any significant portion of the delay *and* there were special circumstances indicating that the risk of harm to the government's interests (preventing flight, danger to the community, or threat to the judicial process) was *extraordinarily acute*." *United States v. Ailemen*, 165 F.R.D. 571, 582-83 (N.D. Cal. 1996) (emphasis added) (attached hereto as Attachment A).

Here of course, Mr. Miller's detention is coming up on two years and will definitely exceed two years by the time any appeals decision could be expected. Moreover, the prosecution bears the *sole responsibility* for any delay of this case past October given its decision to pursue an interlocutory appeal rather than a post-trial appeal.

In sum, Mr. Miller submits that the Court *must* consider the constitutionally significant amount of time that he has languished in pretrial custody along with the fact that the government is solely responsible for all of the continued delay and not accept "too bad, so sad."

**<u>II</u>**

As also noted in *Ailemen:*

> [C]ases suggest aiding the due process inquiry by comparing the length

> of expected detention to the prison sentence a defendant would serve if convicted. *See Shareef*, 907 F.Supp. at 1484 ("it is also appropriate to consider the potential terms of imprisonment to which the defendants may be sentenced if ultimately found guilty of the charges as compared to the prospective length of pretrial detention in determining whether the due process rights of a person may be violated"); *Lofranco*, 620 F.Supp. at 1325 ("holding a defendant without bail for longer than he would serve if tried and convicted must also violate due process").

*Ailemen*, 165 F.R.D. at 591 n, 26. In fact, even the government has admitted in the past that "the closer the length of pretrial detention gets to the probable sentence, the more likely courts are to find a due process violation." *United States v. Bundy*, 2017 WL 3838032 at * 7 (D. Nev. Sept.1, 2017)

Nevertheless, the government argues in its Response that Mr. Miller has not calculated the potential guidelines correctly and points out that, if he proceeds to trial, he will not receive a three point acceptance of responsibility reduction. In fact, the government's previous plea offers show that it is the government that is miscalculating the guidelines in order to blunt the effect of Mr. Miller's excessive pretrial detention and his instant motion.[2] The guidelines are correctly calculated as follows:

[2]In any event, even if the government's newly altered guideline calculations were correct, "in cases where the expected length of detention exceeded two years, courts have found that the length of detention weighed in favor of release even though the defendants faced very serious charges and were subject to long prison sentences." *Ailemen*, 165 F.R.D. at 591 n, 26.

**Counts One and Two: 18 U.S.C. § 231(a)(2)**

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim Adjustment | +6 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | **Total** | **17** |
| | **Estimated Range: 24-30 Months**[3] | |

**Count Four: 18 U.S.C. § 111(a)(1)**

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim Adjustment | +6 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | **Total** | **17** |
| | **Estimated Range: 24-30 Months**[4] | |

**Counts Five and Six: 18 U.S.C. § 875(c)**

| | | |
|---|---|---|
| U.S.S.G. § 2A6.1(a)(1) | Base Offense Level | 12 |
| U.S.S.G. § 2A6.1(b)(2) | More than Two Threats | +2 |

[3]The government attempts to add three points to the base offense level for the alleged brandishing of a dangerous weapon. Nevertheless, a review of the video in this case quickly reveals that no dangerous weapon was brandished and, significantly, this is the *first time* the government has ever made this claim. Indeed, it made no claim regarding the applicability of such an enhancement in its previous plea offer. *See* Attachment B at 3.

[4]*See* Footnote 3 *supra.*

| | | |
|---|---|---|
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -2 |
| | **Total** | 12 |
| | **Estimated Range: 10-16 Months**[5] | |

Of course, the government is correct that Mr. Miller's guideline calculations assume acceptance of responsibility. Nevertheless, that goes directly to Mr. Miller's point. By the government delaying the trial in this case, it forces a Hobson's Choice on Mr. Miller. He must plead guilty and waive his Sixth Amendment rights or spend more time in custody than he likely would if convicted at trial[6]

**III**

Again, at some point, a protracted pretrial detention becomes punishment. This, in turn, can effectively deny a person his Sixth Amendment right to trial and result in pleas out of practical necessity. While the government was within its right to take an interlocutory appeal in this case, it should not be at the price of Mr. Miller's Sixth Amendment right to trial.

Moreover, in the end:

When courts assess the magnitude of the threat that an individual

[5]The government adds six levels for an alleged intent by Mr. Miller to carry out his internet threats despite the fact that there is absolutely no indication he planned to do so.

[6]Absent from the government's response is any claim by the government that Mr. Miller's conduct is comparable to any of the January 6 defendants who have so far been sentenced to 24 months or more in custody.

> defendant poses to the government's regulatory interests, we think that the proper focus is not on how big that threat would be if the defendant were released on no conditions, but, instead, the focus should be is on how big that threat would be if the defendant were released on stringent conditions aimed at reducing as much as possible the likelihood of harm to the threatened regulatory interests. In other words, the issue is not how much threat the defendant would pose if he were as free as any law-abiding citizen, but how much threat he would pose if he were released on the most restrictive available conditions (e.g., 24–hour confinement to a half-way house, electronic monitoring, a high bail guaranteed by people close to the defendant, random searches without probable cause, unannounced substance abuse testing, etc.). It is only by focusing on the actual conditions of release, and what those conditions would contribute to reducing the threat of harm to the government's regulatory interests, that courts can accurately assess how much continued imprisonment would contribute to achieving the government's regulatory goals.

*Ailemen*, 165 F.R.D. at 580.S

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
clint@texascrimlaw.com

LOCAL COUNSEL:
Camille Wagner
DC Bar No. 1695930
Wagner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812
law@myattorneywagner.com

Attorneys for Defendant
Garret Miller

**CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that, on August 30, 2022, I caused a copy of the above document to be served by electronic means on:

United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20350

/s/ F. Clinton Broden
F. Clinton Broden