# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL ACTION NO. |
| ) | |
| Plaintiff, ) | 1:21-CR-00119-CJN |
| ) | |
| v. ) | |
| ) | |
| GARRET MILLER, ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION FOR LEAVE TO INCLUDE COUNT 12 IN THE PREVIOUSLY FILED MOTION TO DISMISS COUNTS 7, 9, 10 and 11 BASED UPON MULTIPLICITY

Defendant Garret Miller hereby moves this Court for leave to include Count 12 in his previously filed Motion to Dismiss Counts 7, 9, 10 and 11 based upon multiplicty. In support of this motion, he sets forth the facts and argument.

1. Pretrial motions were due to be filed in this case by October 17, 2022.

2. Prior to that deadline, Mr. Miller filed his Motion to Dismiss Counts 7, 9, 10 and 11 of the Second Superseding Indictment based upon grounds of multiplicity.[1]

3. Through inadvertence, Counsel failed to include a request to dismiss Count 12 on the same multiplicity grounds. Nevertheless, Mr. Miller's same arguments apply. Count 12 charges a violation of 40 U.S.C. § 5014 (e)(2)(G). Count 12, like

---

[1] Subsequent to the filing of that motion, the government since secured a Third Superseding Indictment.

Counts 7-11, arises out of Mr. Miller's alleged conduct in joining with a mob to enter the Capitol building on January 6, 2021.[2]  Moreover, Count 12 is also a lesser included offense of, at minimum, Counts 8 and 10.

4. The elements for the violations of 40 U.S.C. § 5104(e)(2)(G) as alleged in Counts 12 are as follows: (1) the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and (2) the defendant acted willfully and knowingly. Moreover, the term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.[3]

5. Thus, if Mr. Miller violated 40 U.S.C. § 5104(e)(2)(D) (Count 12) by knowingly demonstrating at the Capitol building, he necessarily violated 40 U.S.C. § 5104(e)(2)(D) (Count 10) which prohibits disorderly or disruptive conduct in the Capitol Building.

6. In addition, if Mr. Miller violated 40 U.S.C. § 5104(e)(2)(D) (Count 12) by knowingly demonstrating at the Capitol building, he necessarily violated 18 U.S.C. § 1752 (a)(2) (Count 8) by knowingly engaging in disorderly or disruptive conduct in the Capitol which impeded or disrupted the orderly conduct of government

---

[2] There is no indication that Mr. Miller moved beyond the Rotunda of the Capitol building on January 6, 2021.

[3] *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF 83 at 39)

business.

7. While the government opposes the substance of Mr. Miller's Motion to Dismiss on grounds of multiplicity, it does *not* oppose including Count 12 in the Court's analysis and ultimate ruling.

WHEREFORE, Defendant Garret Miller respectfully requests this Court to grant him leave to include Count 12 in his previously filed Motion to Dismiss Counts 7, 9, 10 and 11 based upon multiplicity.

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
TX. Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant
Garret Miller

**CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that on November 10, 2022, I caused the foregoing document to be served by the electronic case filing system (ECF) on all counsel of record.

/s/ F. Clinton Broden
F. Clinton Broden
