**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Crim No. 1:21-cr-00119-CJN** |
| | : | |
| | : | |
| **GARRET MILLER,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS COUNT THREE OF THE THIRD SUPERSEDING**
**INDICTMENT**

The United States of America (the "government"), files its response to the Defendant's

Unopposed Motion For Leave To Include Count 12 In The Previously Filed Motion To Dismiss

Counts 7, 9, 10, and 11 Based Upon Multiplicity (ECF No. 116) as follows:

**PROCEDURAL HISTORY**

In February 2021, the grand jury returned a twelve-count indictment against Garret Miller

alleging violations of 18 U.S.C. § 231(a)(3) (Counts 1 and 2), 18 U.S.C. § 1512(c)(2) and 2 (Count

3); 18 U.S.C. § 111(a)(1) (Count 4); 18 U.S.C. § 875(c) (Counts 5 and 6); 18 U.S.C. § 1752(a)(1)-

(3) (Count 7-9); 40 U.S.C. § 5104(e)(2)(D) (Count 10); 40 U.S.C. § 5104(e)(2)(E) (Count 11); and

40 U.S.C. § 5104(e)(2)(G) (Count 12).[1]

On October 17, 2022, Miller filed a Motion To Dismiss Counts 7, 9, 10, And 11 Of The

Second Superseding Indictment.  ECF No. 106.  On November 2, 2022, the grand jury returned

a third superseding indictment, adding an additional violation of 18 U.S.C. § 231(a)(3).   ECF No.

111.

---

[1]  Miller was subsequently charged in two Superseding Indictments, but those indictments do not
affect the analysis here.

## **ARGUMENT**

The government opposes Miller's dismissal motion for the reasons already given in prior briefing and argument, which we ask the Court to incorporate for purposes of this response.   *See* ECF No. 113.   Here, Miller's arguments for Count Twelve being multiplicitous of Count Ten and Count Eight fail for the same reason that his prior arguments fail:   Count Twelve requires proof of a separate fact of "parading, demonstrating, or picketing in a Capitol Building" (unlike Counts Eight or Ten).   Also, another judge of this Court specifically found that "40 U.S.C. § 5104(e)(2)(G), which forbids one to 'parade, demonstrate, or picket in any of the Capitol Buildings,' is not duplicative of § 1752 since the former does not require entry into or proximity to a restricted area, while the latter does; in addition § 1752(a)(2) requires disorderly or disruptive

conduct, which § 5104 does not." *United States v. Ballenger, et al.*, No. 21-719-JEB, slip op. (D.D.C. October 26, 2022), at *2.   Thus, Count Twelve also passes the *Blockburger* test.

DATED:   November 15, 2022          By:      /s/ *Victoria A. Sheets*
Victoria A. Sheets
Assistant United States Attorney
NY Bar No. 5548623
601 D Street, N.W.
Washington, D.C. 20530
202-252-7566
victoria.sheets@usdoj.gov

Stephen J. Rancourt
Assistant United States Attorney, Detailee
Texas Bar No. 24079181
601 D Street, N.W.
Washington, D.C. 20530
(806) 472-7398
stephen.rancourt@usdoj.gov

Jason M. Crawford
Trial Attorney, Detailee
DC Bar No. 1015493
601 D Street, N.W.
Washington, D.C. 20530
(202) 598-1099
Jason.M.Crawford@usdoj.gov

3

**<u>Certificate of Service</u>**

I, Victoria A. Sheets, certify that on November 15, 2022, I caused a copy of the above to
be served on counsel of record via electronic filing.

Victoria A. Sheets
Assistant United States Attorney