UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 1:21-CR-00119-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| GARRET MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**FACTUAL BASIS FOR GUILTY PLEAS TO COUNTS 1,2,7, 8,9,10,11,12 AND 13**

Garrett Miller, by and through his attorneys, respectfully submits this Factual Basis for his plea to Counts 1 and 2, and Counts 7, 8, 9, 10, 11, 12 and 13.

On January 6, 2021, Garret Miller was one of thousands of people who went to the United States Capitol and interrupted the joint session of Congress that had convened to certify the votes of the Electoral College for the 2020 Presidential Election. The United States Capitol Building and its grounds, located in the District of Columbia, were closed to members of the general public and, therefore, the Capitol grounds and the Capitol building were "restricted" on that day, and he was without lawful authority to enter these restricted areas.

Mr. Miller was among a large crowd on the East Front that overwhelmed the police line that was attempting to hold the outer perimeter of the restricted area. After the breach of the outer perimeter, United States Capitol Police (USCP) officers fell back to form a line on the staircase that leads up to the entrance of the Capitol building known as the Rotunda Doors.

Following the breach of the outer perimeter, Mr. Miller crossed the Capitol Plaza and ran towards the USCP police line that had formed on the steps. Mr. Miller moved to the front of the crowd, and broke through the police line, and was ultimately restrained and handcuffed. By his

actions, Mr. Miller interfered with and impeded USCP officers from restraining the crowd that had formed at the police line while the officers were engaging in the lawful performance of their official duties. After the crowd of protestors surged past the police line, the officers restraining Mr. Miller released him from custody and instructed him to leave.

Rather than leave the Capitol grounds, Mr. Miller joined the protestors who forced their way past USCP officers who were attempting to keep the crowd from entering through the Rotunda Doors while the officers were engaging in the lawful performance of their official duties. Mr. Miller's actions in passing officers who were attempting to keep protestors from entering the Capitol Building interfered with the ability of those officers to keep protestors from entering the Capitol.  After entering the building at approximately 2:43 PM, Mr. Miller made his way into the Capitol Rotunda in a crowd of protestors While entering the Capitol Building and loitering in the Rotunda he impeded others from being able to exit through the same door he used to enter the Capitol Building and he also impeded the passage of others through the Capitol Building.  He impeded egress and impeded passage with the intent to disrupt the orderly conduct of both houses of Congress in certifying the Electoral College vote. At approximately 3:06 PM, officers from the USCP and the Metropolitan Police Department (MPD) formed a police line inside the Rotunda to remove the protestors. Mr. Miller refused to voluntarily leave the Rotunda. As the line of officers advanced, while the officers were engaging in the lawful performance of their official duties, Mr. Miller interfered with and impeded their efforts to her him and other protestors back through the entrance.  Mr. Miller also yelled and banged his flagpole against the floor while the officer were herding him and others from the Rotunda.

When inside the Capitol Rotunda Mr. Miller engaged in disruptive conduct in that he engaged in a disturbance which interrupted the normal course of government process.  Moreover,

he did this with the intent to impede or disrupt the counting of the Electoral College vote and, in fact, his conduct, when combined with the conduct of the numerous other protestors, did impede and disrupt the counting of the Electoral College vote by both houses of Congress. In addition, his actions in impeding access to the Capitol Building as mentioned above, was also intended to impede or disrupt the counting of the Electoral College vote. While in the Rotunda, Mr. Miller paraded while carrying a Trump flag dropped by another protestor.

Mr. Miller admits that his actions were part of a "civil disorder" in that what transpired on Capitol grounds and in the Capitol Building on January 6, 2021 was a disturbance involving acts of violence that caused immediate danger of or resulted in the damage or injury to the Capitol building and persons. Moreover, the assemblage involved in these acts of violence consisted of three or more persons.

Commerce was affected by the civil disorder that occurred on January 6, 2021. For example, a Safeway located in the District of Columbia had to close its doors during normal business hours for several hours during that day causing it to lose revenue and to postpone deliveries arriving from the State of Pennsylvania. In addition, the civil disorder affected the United States Secret Ser in its ability to ensure the safety of Vice President Pence.

Mr. Miller's actions as described above were done willfully, knowingly and intentionally.

Mr. Miller stipulates the foregoing facts are true and correct and satisfies the elements necessary for conviction on the following counts.

**ELEMENTS OF THE CRIMES**

**COUNT ONE: OBSTRUCTING OFFICERS (IN THE ENTRYWAY OF THE CAPITOL) DURING A CIVIL DISORDER**

Count One charges Garret Miller with committing or attempting to commit an act to obstruct, impede, or interfere with a law enforcement officer, that is an officer from the United States Capitol Police, in an entryway to the United States Capitol Building, lawfully carrying out their official duties incident to a civil disorder, which is a violation of 18 U.S.C. § 231(a)(3).

To find Miller guilty of this offense, the Court must find the following elements satisfied beyond a reasonable doubt:

1. First, defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer was engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the

4

United States or by an officer or employee thereof. The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

Mr. Miller admits that, for the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

## COUNT TWO: OBSTRUCTING OFFICERS (IN THE ROTUNDA) DURING A CIVIL DISORDER

Count Two charges Garret Miller with committing or attempting to commit an act to obstruct, impede, or interfere with a law enforcement officer, that is officers from the Metropolitan Police Department, in the United States Capitol Building Rotunda, lawfully carrying out their official duties incident to a civil disorder, which is a violation of 18 U.S.C. § 231(a)(3). The elements and definitions are the same as in Count One.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "knowingly" has the same meaning as described in Count 1.

## COUNT SEVEN: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS

Count Seven charges Garret Miller with entering or remaining in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(1).

To find the defendant guilty of this offense, the Court must find the following elements satisfied beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "knowingly" has the same meaning as described in Count 1.

## COUNT EIGHT: DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

Count Eight charges Garret Miller with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(2).

To find the defendant guilty of this offense, the Court must find each of the following elements satisfied beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" is conduct that tends to disturb the public peace, offend public morals, or undermine public safety, as well as conduct where a person is behaving riotously in a lawless or unruly way and in manner that is not according to order or rule. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building or grounds" has the same meanings as described in Count 7, and the term "knowingly" has the same as defined in Count 1.

### COUNT NINE: IMPEDING INGRESS AND EGRESS IN A RESTRICTED BUILDING OR GROUNDS

Count Nine charges Garret Miller with impeding ingress and egress in a restricted building or grounds, which is a violation of 18 U.S.C. § 1752(a)(3).

To find the defendant guilty of this offense, the Court must find each of the following elements satisfied beyond a reasonable doubt:

1. First, that the defendant obstructed or impeded ingress or egress to or from any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

The term "restricted building or grounds" has the same meaning as described in Count 7, and the term "knowingly" has the same meaning as described in Count 1.

### COUNT TEN: ENGAGING IN DISORDERLY CONDUCT IN A CAPITOL BUILDING

Count Ten charges Garret Miller with disorderly or disruptive conduct in a Capitol Building, which is a violation of 40 U.S.C. § 5104(e)(2)(D).

To find the defendant guilty of this offense, the Court must find the following elements satisfied beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress of either House.

3. Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The terms "disorderly conduct" "disruptive conduct" have the same definitions as described in Count Eight and the term "knowingly" has the same definition as described in Count 1. A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that defendant acted "willfully," the Court must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law, nor does it require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

**COUNT ELEVEN: IMPEDING PASSAGE THROUGH THE CAPITOL GROUNDS OR BUILDINGS**

Count Eleven charges Garret Miller with impeding passage through the Capitol Grounds or Buildings, which is a violation of 40 U.S.C. § 5104(e)(2)(E).

To find the defendant guilty of this offense, the Court must find the following elements satisfied beyond a reasonable doubt:

1. First, that the defendant obstructed or impeded passage through or within any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress of either House.

3. Third, that the defendant acted willfully and knowingly.

The terms "obstructed" or "impeded" have their ordinary meanings. The terms "United States Capitol Buildings" and "willfully" have the same meanings as described above in Count 10. The term "knowingly" has the same meaning as described in Count 1.

### COUNT TWELVE: PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING

Count Twelve charges Garret Miller with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law, 40 U.S.C. § 5104(e)(2)(G).

To find the defendant guilty of this offense, the Court must find each of the following elements satisfied beyond a reasonable doubt:

1. First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying. The terms "United States Capitol Buildings" and "willfully" have the same meaning as in Count Ten. The term "knowingly" has the same meaning as described in Count 1.

### COUNT THIRTEEN: OBSTRUCTING OFFICERS (OUTSIDE THE CAPITOL) DURING A CIVIL DISORDER

Count Thirteen charges Garret Miller with committing or attempting to commit an act to obstruct, impede, or interfere with a law enforcement officer, that is an officer from the United States Capitol Police, outside the United States Capitol Building, lawfully carrying out their official duties incident to a civil disorder, which is a violation of 18 U.S.C. § 231(a)(3). The elements and definitions are the same as in Count One.

Garrett Miller agrees, under oath and subject to penalties of perjury, that the factual recitations in this document are true and correct and he admits that he committed all of the elements of Counts 1, 2, 7, 8, 9, 10, 11, 12 and 13.

*Garret Miller* 12-8-2022